941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elizabeth S. LEMONS, Plaintiff-Appellee,
v.
ICM MORTGAGE CORPORATION, a Delaware Corp., Defendant-Appellant.
 No. 90-1211.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant ICM Mortgage Corporation appeals from the district court's judgment in favor of plaintiff Elizabeth S. Lemons following a jury trial on her age discrimination claims. By special verdict, the jury unanimously found that 1) Lemons was constructively discharged from her position with ICM, 2) age was a determining factor in her discharge, and 3) her discharge was willful. Rec. vol. I, doc. 4. The district court awarded Lemons back pay, liquidated damages, front pay, and attorney's fees.
 
 
 2
 On appeal, ICM raises three issues. First, it claims the district court erred in denying ICM's motion for judgment notwithstanding the verdict because the evidence in support of constructive discharge, age discrimination, and willfulness, was insufficient. Second, it claims error in the district court's award of front pay in lieu of reinstatement. Third, it asserts that Lemons waived reinstatement and, accordingly, tolled any front pay award. Our jurisdiction arises from 28 U.S.C. § 1291; we affirm.
 
 
 3
 * We may reverse the trial court's ruling on ICM's motion for judgment notwithstanding the verdict only if, after construing the evidence and all reasonable inferences therefrom in the light most favorable to Lemons, the nonmoving party, we conclude that the evidence points but one way, in favor of ICM. See Transpower Constructors v. Grand River Dam Auth., 905 F.2d 1413, 1416 (10th Cir.1990). "[W]e must affirm if evidence was before the jury upon which it could properly find against the movant." Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1547 (10th Cir.1988). Following our review of the record on appeal, we hold that there was sufficient evidence presented to support the jury's findings that Lemons was constructively discharged, that age was a determining factor in her discharge, and that ICM's conduct, constituting discharge, was willful.
 
 
 4
 "A finding of constructive discharge is supported by evidence that an employee has resigned, rather than waiting to be fired, because of unreasonably harsh conditions that have been applied to him in a discriminatory fashion." Spulak v. K Mart Corp., 894 F.2d 1150, 1154 (10th Cir.1990); see also Derr v. Gulf Oil Corp., 796 F.2d 340, 344 (10th Cir.1986). To support a finding of age discrimination under the Age Discrimination in Employment Act, or ADEA, 29 U.S.C. §§ 621-634, a jury must have before it evidence showing that age "made a difference" in the discharge. Cooper, 836 F.2d at 1547. Under the ADEA, an employer may be charged with double or liquidated damages if found to have violated the act "willfully." Id. at 1548.
 
 
 5
 Lemons began her work for ICM in 1982 as an executive secretary. A 1984 reorganization within ICM resulted in a change of position, duties, and workload for Lemons. Lemons testified at trial that she had inquired about other positions in the company in order to return to a position more like her original job. Her inquiries were ignored. When she asked why she was not being interviewed for these positions and noted that the positions were being filled with younger, less-qualified people, ICM's Human Resources vice president could not answer her question. Lemons testified that, in 1987, her supervisor suggested she retire.
 
 
 6
 There was also evidence that Lemons was not performing her post-reorganization job adequately. Ultimately, she was told that her work was not satisfactory, and that she had two weeks to improve radically, or she should consider retiring. Lemons testified that the workload was increasing, that she had asked for help in various ways, which requests were either ignored or refused, that coworkers' offers of help were rejected by her superiors, and that she was given work with what she considered impossible deadlines. She offered evidence of instances in which she was treated differently from other employees, and testified that her supervisors ignored her overtures to discuss her workload and various criticisms of her work. We conclude that this evidence is sufficient to support the jury's findings.[1] See Spulak, 894 F.2d at 1155. The jury was entitled to believe this evidence even in the face of evidence of Lemons' poor performance. See Krause v. Dresser Indus., Inc., 910 F.2d 674, 677 (10th Cir.1990).
 
 II
 
 7
 ICM contends that front pay is inappropriate and, even if appropriate, that Lemons waived any post-trial damages. First, ICM claims that the district court erred in awarding front pay. Reinstatement is the preferred remedy for an ADEA violation. EEOC v. Prudential Fed. Sav. & Loan Ass'n, 763 F.2d 1166, 1172 (10th Cir.), cert. denied, 474 U.S. 946 (1985). Front pay may be awarded, however, when reinstatement is inappropriate. Id. at 1172-73; see also Anderson v. Phillips Petroleum Co., 861 F.2d 631, 638 (10th Cir.1988) (noting various circumstances in which reinstatement may be inappropriate).
 
 
 8
 The district court based its ruling on three grounds: 1) Lemons' move to California to live with her daughter, 2) the jury's finding of constructive discharge, and 3) the jury's finding of willfulness. Rec. vol. I, doc. 8 at 3. This award of equitable relief under the ADEA is entrusted to the trial court's discretion. Accordingly, we may reverse only if the award is clearly erroneous. Bingman v. Natkin & Co., --- F.2d ----, Nos. 89-1114, 89-1122, slip op. at 12 (10th Cir. June 28, 1991). In light of the jury's finding that ICM's constructive discharge of Lemons was willful, we conclude the district court did not abuse its discretion in awarding front pay.
 
 
 9
 Second, ICM contends that Lemons waived any front pay damages. The jury announced its verdict for Lemons on September 27, 1989. The next day, ICM tendered an allegedly unconditional offer of reinstatement to Lemons. Lemons moved for a judgment granting front pay and ICM responded, raising the defense of waiver for the first time.[2] Lemons rejected the offer.[3] ICM contends that, under the waiver rule announced in Ford Motor Company v. EEOC, 458 U.S. 219, 241 (1982), Lemons' rejection waived her claim to front pay.
 
 
 10
 "[A]bsent special circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential [damages]." Ford, 458 U.S. at 241 (Title VII case); see also Giandonato v. Sybron Corp., 804 F.2d 120, 124 (10th Cir.1986) (ADEA case). Only an unreasonable rejection of a reinstatement offer will toll a plaintiff's damages. See Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1203 (7th Cir.1989); Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806, 808 (8th Cir.1982). To determine whether waiver has occurred, the district court should consider the facts surrounding the offer of reinstatement and the plaintiff's refusal. See Taylor v. Teletype Corp., 648 F.2d 1129, 1139 (8th Cir.), cert. denied, 454 U.S. 969 (1981). This court has noted that personal reasons, standing alone, cannot be a basis for a reasonable rejection. Giandonato, 804 F.2d at 124.
 
 
 11
 The district court, ruling on both Lemons' motion for front pay and ICM's motion for judgment notwithstanding the verdict, summarized the parties' arguments regarding front pay, including ICM's waiver defense, and ruled that front pay was appropriate. Rec. vol. I, doc. 8 at 3. Reading the district court's order, we conclude that the court's ruling on front pay rejected ICM's waiver defense as a matter of law, and implicitly found Lemons' rejection to be reasonable. Cf. Lewis Grocer Co. v. Holloway, 874 F.2d 1008, 1012 (5th Cir.1989) (implicit in decision to toll back pay was finding that offer was unconditional). That finding is supported by evidence in the record of ICM's willful, constructive discharge of Lemons.
 
 
 12
 Finally, Lemons moves for attorney's fees incurred in defending against ICM's appeal. We believe an award of attorney's fees is appropriate in this case. See Cooper, 836 F.2d at 1557 (appellate court may, in its discretion, award appellate fees). On remand, the district court is instructed to assess the amount of attorney's fees to be awarded Lemons.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 On the issue of willfulness, we note that the district court, without objection from either party, instructed the jury that "[a] violation is willful if the employer knew or showed reckless disregard for whether its conduct was prohibited under the ADEA." On appeal, neither party challenges this language as an incorrect statement of law. We believe the record supports the jury's finding of willfuless on this instruction. But see Cooper, 836 F.2d at 1551
 
 
 [2]
 Waiver is an affirmative defense, and must be raised in the pleadings, Fed.R.Civ.P. 8(c); see Gallegos v. Stokes, 593 F.2d 372, 375 (10th Cir.1979). Here, because the factual basis for the waiver claim arose after trial, ICM properly raised it in response to Lemons' motion
 
 
 [3]
 ICM characterizes Lemons' response as a rejection; Lemons does not contend otherwise